U.S. District Court
Western District of Louisiana
Robert H. Shemwell, Clerk
RECEIVED
Date: 10-24-07
By   M. Cassanova

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING TRIAL |
|---|---|
| V. | |
| **DANIEL ARY** | CASE NO. **07-5157M-01** |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   [ ] a crime of violence as defined in 18 U.S.C. § 3145(a)(4).
   [ ] an offense for which the maximum sentence is life imprisonment or death.
   [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
   [ ] a felony was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)(C), or comparable state or local offenses.
[ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state, or local offense.
[ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
[ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[X] (1) There is probable cause to believe that the defendant has committed an offense

   [X] for which a maximum term of imprisonment of ten years or more is prescribed in   **The Controlled Substances Act**   .
   [ ] under 18 U.S.C. § 924(c).

[X] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[ ] (1) There is a serious risk that the defendant will not appear.

[X] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.
**The Government presented strong evidence that Defendant's drug trafficking activities render him a danger to the community.**

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that **The Government presented strong evidence to support the criminal complaint against the defendant. Considering the nature of the offense, the amount of drugs involved, prior felony, and the loaded firearm seized during the execution of a search warrant, the court finds that defendant has failed to reubt the presumption that no condition or combination of conditions will prevent defendant from continuing to engage in drug trafficking activities if he is released on bond.**

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date:   **October 24, 2007**

*Insert as applicable:
(a) Controlled Substances Act (21 U.S.C. § 801 et seq.);
(b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or
(c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE