RECEIVED
BY: _____
MAY 2 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-50106-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| DANIEL ARY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion For Specific Performance [Record Document 65], filed by defendant, Daniel Ary. For the following reasons, **IT IS ORDERED** that defendant's motion be **DENIED**.

I.  **FACTUAL BACKGROUND**

On November 14, 2007, Defendant Daniel Ary ("defendant") was indicted with one co-conspirator in a 16-count indictment charging defendant with four counts of knowingly and intentionally possessing with the intent to distribute varying amounts of crack or powder cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 3, 4, 12, 13), six counts of knowingly and intentionally distributing varying amounts of crack and powder cocaine in violation of 21 U.S.C. 841(a)(1) (Counts 6-11), one count of possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1) (Count 14), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 15), and one count of forfeiture pursuant to 21 U.S.C. § 853 (Count 16). [Rec. Doc. 11].

Pursuant to 21 U.S.C. § 851, the government filed a notice that the defendant would be subject to a mandatory minimum of 10 years imprisonment should he be convicted of Counts 3, 4,

Page 1

or 8 because he was previously convicted of a felony drug trafficking offense. [Rec. Doc. 19]. Approximately two weeks later, defendant pled guilty to Counts 3 and 14. [Rec. Docs. 21-22].

On March 6, 2008, defendant was sentenced to 120 months as to Count 3 (the mandatory minimum) and 60 months as to Count 14, to run consecutively with the sentence imposed in Count 3. Upon release from imprisonment, defendant will be placed on supervised release for a term of eight years as to Count 3 and five years as to Count 14, to run concurrently with the term for Count 3. [Rec. Doc. 31]. Defendant appealed, but his conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on December 2, 2008. [Rec. Doc. 68].

On November 10, 2008, defendant filed a motion for specific performance alleging the government breached the plea agreement by failing to file a motion for reduction of sentence pursuant to U.S.S.G. § 5K1.1 and/or Rule 35 of the Federal Rules of Criminal Procedure. [Rec. Doc. 65]. Defendant claims he provided substantial assistance in the investigation and prosecution of his co-defendant, Terrence Claiborne, and was assured that he would receive a sentence reduction for his cooperation. *Id.* At this time, the government has not filed a motion for reduction of sentence.

## II. LAW AND ANALYSIS

Pursuant to §5K1.1 and Rule 35(b)(1), and "upon motion of the government stating the defendant has provided substantial assistance in the investigation or prosecution of another person," the court may depart downwards from the guidelines or reduce the sentence below any statutory minimum. In the absence of a motion by the government, "a sentencing court is without authority to grant a downward departure on the basis of substantial assistance." *U.S. v. Solis*, 169 F.3d 224, 226 (5th Cir. 1999) (quoting *U.S. v. Price*, 95 F.3d 365, 367 (5th Cir. 1996)).

The government's decision not to file a motion for reduction of sentence is generally non-reviewable. *Wade v. U.S.*, 504 U.S. 181, 184-86, 112 S.Ct. 1840, 1843-44 (1992). This is because the government has merely "a power, not a duty" to file such a motion. *Price*, 95 F.3d at 367-68 (citing *Wade*, 504 U.S. at 185, 112 S.Ct. at 1843); *see also, U.S. v. Garcia-Bonilla*, 11 F.3d 45, 45 (5th Cir. 1993) ("[Section] 5K1.1 does not require the government to move for a downward departure if the defendant provides substantial assistance, but rather grants the government discretionary power to make such a motion."). However, there are two limitations on the government's discretion:

> First, a district court may review the Government's refusal to move for a downward departure if the refusal is based on an unconstitutional motive. *See Price*, 95 F.3d at 368. Second, "the [G]overnment may bargain away its discretion under the terms of a plea agreement, and thereby obligate itself to move for a downward departure in exchange for the defendant's substantial assistance." *Id.*

*Solis*, 169 F.3d at 226-27.

In the case at bar, neither exception is applicable. Defendant alleges that the government's refusal was "in bad faith." [Rec. Doc. 65]. But he has never alleged, much less presented any evidence demonstrating the government's refusal to file a motion was based on an unconstitutional motive such as race or religion. *See Wade*, 504 U.S. at 186, 112 S.Ct. at 1844 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.").

Furthermore, the Fifth Circuit has held that whether or not the government has retained its discretion to file a motion for reduction of sentence turns upon the specific language of the plea agreement. *Price*, 95 F.3d at 368. Where the plea agreement indicates that the government "will file" a motion, or other language to that effect, the government has surrendered its discretion. *Id.*;

Page 3

*U.S. v. Lady*, 56 F.3d 24 (5th Cir. 1994) (plea agreement providing the government "will file" a motion if defendant provides substantial assistance obligated the government to allow the defendant an opportunity to do so). In those cases, "the only remaining inquiry is whether the aid rendered by the defendant constitutes substantial assistance as that term was reasonably understood by the parties at the time that they entered into the plea agreement." *Id.* On the other hand, where the plea agreement states that the government retains "sole discretion" over the decision, a refusal to do so is reviewable only for unconstitutional motive. *Id.*

In the plea agreement at issue, the government expressly retained sole discretion to file a motion for reduction of sentence:

> 12. At or before the time of sentencing, the United States will advise the Court of any assistance provided by the Defendant in investigations into criminal activity within the Western District of Louisiana and elsewhere, or in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event he provides "substantial assistance." This decision shall be in the sole and non-reviewable discretion of the United States Attorney.
>
> 13. It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless the Defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that the Defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if Defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

[Rec. Doc. 22]. Defendant signed the plea agreement acknowledging that he understood its terms and was entering into the agreement "freely, knowingly, and voluntarily." *Id.*

Additionally, prior to accepting defendant's guilty plea, the Court explained to defendant that the government was under no obligation to file a substantial assistance motion:

THE COURT: ...[The government] will tell me about any assistance that you gave, up to and including a motion that they might file asking me to depart from the sentencing range. Now, I can't make them do that. Ms. Marak can't make them do that. No one can make them do it. They have to decide that you've given substantial assistance. And if they decide that you haven't, there's no appeal from that. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And even if they do file such a motion, I don't necessarily have to follow it. You understand that, too?

THE DEFENDANT: Yes, sir.

[Change of Plea Hearing Transcript, p.8-9].

The express terms of the plea agreement and the statements made by defendant while under oath leave no doubts that the government expressly retained sole discretion and was under no obligation to file a motion for reduction of sentence based on defendant's substantial assistance.

## III. CONCLUSION

Accordingly, because the government retained sole discretion as to whether or not to file a motion for reduction of sentence and defendant does not allege that the government's refusal was based upon an unconstitutional motive, the government's decision is non-reviewable and defendant's motion for specific performance must be **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20 day of May, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE