RECEIVED
IN LAKE CHARLES, LA
JAN 12 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-50106-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| DANIEL ARY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are a Motion Requesting Relief Under *Johnson v. United States*, 135 S.Ct. 2551 (2015) [Doc. #91], filed by Defendant Daniel Ary, and a Motion to Withdraw [Doc. #94], filed by the Office of the Federal Public Defender ("FPD"). By administrative order [Doc. #92], the FPD was appointed to determine whether the defendant might be eligible for relief under *Johnson*, in which the United States Supreme Court held that the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.[1] Pursuant to said order, the FPD was authorized to seek withdrawal from the representation, if the FPD determined that the defendant is not entitled to relief under *Johnson*. *Id.* at p. 1. The FPD has sought withdrawal [Doc. #94], which is hereby **GRANTED**. For the reasons that follow, Defendant Ary's motion [Doc. #91] is hereby **DISMISSED for lack of jurisdiction.**

In response to the instant motion, the Government filed a Consolidated Motion to Lift Stay and Dismiss for Lack of Jurisdiction [Doc. #95], arguing that Defendant Ary is merely attempting to file a second, successive § 2255 motion, without the requisite approval from the United States Court of Appeals for the Fifth Circuit. The Government therefore seeks dismissal on the basis that

---

[1] The Court notes that Defendant Ary was convicted, pursuant to a guilty plea, of, *inter alia*, possession of a firearm in relation to a drug-trafficking activity, in violation of 18 U.S.C. § 924(c)(1). [Docs. ## 22, 31, 68]. Defendant Ary's sentence was not increased under the ACCA's residual clause.

this Court lacks jurisdiction to consider the merits of Ary's claims. In the alternative, the Government requests that it be allowed sixty (60) days to respond to the merits of the instant motion, prior to any ruling thereon.

Upon due consideration, the Court agrees with the Government that the Court lacks jurisdiction to consider the merits of the instant motion. Defendant Ary previously filed a motion, styled as a motion for specific performance [Doc. #65],[2] but construed by this Court as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. [*See* Docs. ##65, 69]. Defendant Ary was put on notice that the motion would be so construed, thus subjecting subsequent § 2255 motions to the restrictions placed on a second or successive application, which may be heard only if a panel of the appropriate court of appeals certifies that it involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255(h). The instant motion is, in both name and substance, a motion to vacate, pursuant to 28 U.S.C. § 2255. As Defendant Ary has failed to obtain the requisite authorization, as provided in 28 U.S.C. § 2244(b)(3), this Court is without jurisdiction to consider the instant motion [Doc. #91], which is hereby **DISMISSED for lack of jurisdiction**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12 day of January, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] Defendant Ary's "motion for specific performance" alleged that the Government breached the plea agreement by failing to file a motion for reduction of sentence pursuant to U.S.S.G. § 5K1.1 and/or Rule 35 of the Federal Rules of Criminal Procedure. [Doc. #65]. After construing the motion as one made pursuant to 28 U.S.C. § 2255, the motion was denied on the merits. [Docs. ## 70, 71].